IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT KELLEY, SHARON GEORGE,
JIM KELLEY, DELORES STUTLER,
WILMA JONES, GEORGE KELLEY
and SHARON ANN KELLEY,

        Plaintiffs,

v.                     //    CIVIL ACTION NO. 1:13CV224
                                 (Judge Keeley)

NORMA KELLEY, as an individual
and as Executrix of the Estate
of Paul W. Kelley, deceased,

        Defendant,

USA, on behalf of its agency,
US Department of Veterans Affairs,

        Interested Party.

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO SET A BRIEFING SCHEDULE [DKT. NO. 3]
<u>AND DISMISSING THE CASE FOR LACK OF JURISDICTION</u>**

Pending before the Court is the motion of the defendant, Norma Kelley ("Mrs. Kelley"), requesting a briefing schedule on the question whether a state court may compel federal officials to testify in a state civil case (dkt. no. 3). On November 6, 2013, the Court held a hearing on the motion at which all parties appeared by counsel. For the reasons that follow, the Court **DENIES** the motion and **DISMISSES** the case.

I.

This case presents two questions: (1) whether a state court may compel a federal official to testify in a state civil case to

**KELLEY, ET AL. V. KELLEY** 1:13CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO SET A BRIEFING SCHEDULE AND
DISMISSING THE CASE FOR LACK OF JURISDICTION**

which the United States is not a party; and (2) if not, whether a federal district court, upon removal of the issue, may do so.

Here, the underlying state case filed in the Circuit Court of Harrison County, West Virginia, involves a family dispute over the validity of a will. Specifically, the six children of the plaintiffs' decedent contend that their father, Paul W. Kelley, lacked the testamentary capacity to execute a will that left his entire estate to the defendant, his wife at the time of his death. Because their father had received medical treatment at the VA Hospital in Clarksburg, West Virginia, prior to his death, the plaintiffs sought to depose those VA doctors who provided care to their father.

The United States, appearing specially in state court for the purpose of opposing the depositions, argued that the VA's refusal to permit the doctors to testify pursuant to its regulations was not "arbitrary and capricious." However, counsel for the United States failed to advise the state court that, under federal law, that court lacked jurisdiction to hear the matter. See Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989). Therefore, assuming it had jurisdiction, the state court ordered the VA doctors to submit to the depositions within certain procedural parameters. Rather

**KELLEY, ET AL. V. KELLEY** 1:13CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO SET A BRIEFING SCHEDULE AND
DISMISSING THE CASE FOR LACK OF JURISDICTION**

than refuse to comply with that order, the United States, as an interested party, removed the issue.[1]

**II.**

Before evaluating the merits of a case, a federal court must first determine whether it has subject-matter jurisdiction to hear the case. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006). Here, under Boron, 873 F.2d 67 at 70, it is clear that the Court lacks subject-matter jurisdiction to determine the issue removed by the United States.

The Housekeeping Act, 5 U.S.C. § 301, authorizes the head of a federal agency to promulgate rules to govern discovery and disclosure, specifically, "the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." In 1951, the Supreme Court upheld the validity of regulations promulgated

---

[1] As the United States' notice of removal explains, "[t]he United States is removing Harrison County Circuit Court Case No. 12-C-323-3 for the limited purpose of resolving the VA's application of its Touhy regulations and the Circuit Court's Orders compelling the appearance and testimony of the VA physicians. The United States is not removing [the state case] generally."

**KELLEY, ET AL. V. KELLEY**                                     **1:13CV224**

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO SET A BRIEFING SCHEDULE AND
DISMISSING THE CASE FOR LACK OF JURISDICTION**

under The Housekeeping Act in <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462, 468 (1951). "<u>Touhy</u> is part of an unbroken line of authority" supporting the rule "that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." <u>Boron</u>, 873 F.2d at 69.

    Underlying the federal litigation in <u>Boron</u> was a state case from the Circuit Court of Brooke County, West Virginia, in which the plaintiffs had sought to compel the testimony of an EPA employee, Jack Downie. <u>Id.</u> at 68. After the trial court issued two subpoenas for Downie to testify, the United States removed the issue to the district court, which determined that removal was proper and that its jurisdiction on removal included the authority to review the EPA's decision to prohibit Downie from testifying. <u>Id.</u> Rejecting the sovereign immunity defense, the court applied an "arbitrary and capricious" standard of review and ordered Downie to testify, finding that the EPA had erroneously prohibited the testimony. <u>Id.</u> The United States then appealed the district court's decision to the United States Court of Appeals for the Fourth Circuit.

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO SET A BRIEFING SCHEDULE AND
DISMISSING THE CASE FOR LACK OF JURISDICTION**

In <u>Boron</u>, the Fourth Circuit addressed whether the district court possessed jurisdiction over the matter <u>ab initio</u>. Finding that it did not, our circuit court observed:

> The district court exceeded its jurisdiction upon removal, which it derived solely from that of the state court, in compelling Downie to testify contrary to the direction of the EPA. The doctrine of sovereign immunity precludes the state court - and the federal court which gained limited jurisdiction upon removal - from exercising jurisdiction to compel Downie to testify contrary to EPA instructions, and also denies it the authority to review and set aside the EPA's decision and the federal regulations under which it is made. . . . The jurisdiction of a federal district court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court, and the federal court acquires none upon removal.

<u>Id.</u> at 70.

Applying <u>Boron</u> to the facts here, it is plain that this Court lacks jurisdiction to hear the issue removed by the government. Sovereign immunity precluded the state court in the first instance from ordering the VA doctors to submit to depositions in the underlying action. Upon removal, pursuant to 28 U.S.C. § 1442(a), this Court derived no jurisdiction from the state court inasmuch as that court never possessed jurisdiction over the issue in the first place. During the hearing, all parties ultimately conceded this point and concurred that, under <u>Boron</u>, any analysis of the VA regulations by this or the state court would be improper.

**KELLEY, ET AL. V. KELLEY**                                             1:13CV224

**MEMORANDUM OPINION AND ORDER DENYING THE
MOTION TO SET A BRIEFING SCHEDULE AND
DISMISSING THE CASE FOR LACK OF JURISDICTION**

### III.

In conclusion, for the reasons discussed, the Court **DENIES** the motion of the defendant to set a briefing schedule and **DISMISSES** the case for lack of jurisdiction.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: November 7, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE